

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Esco Walter
District Attorney
104th Judicial District
Abilene, Texas

Dear Sir:

Opinion No. O-6745
Re: Whether an operator of any
kind of warehouse, public or
private, violates any criminal
law of this State if he neglects
to give the bond referred to in
Article 5569 of the Revised Civil
States.

Your opinion request of recent date received and quoted
as follows:

"It is my opinion that there is no criminal statute
in this State prohibiting and making it an offense for
a person to operate a warehouse where goods, wares and
merchandise are stored for hire. Article 5588, Vernon's
Revised Civil Statutes reads in part as follows:

"'Any person, firm, company, or corporation who
shall receive cotton, wheat, rye, oats, rice, or any
kind of produce, wares, merchandise, or any personal
property in store for hire, shall be deemed and taken
to be public warehousemen.'

"Article 5569 provides that 'before the proprietor
of any public warehouse shall transact any business as
a public warehouseman, he shall file with the County
Clerk a bond and receive a certificate authorizing him
to act as such. Other statutes prescribe the form of
the receipt to be issued by a public warehouseman.'

"Article 5577 reads as follows: 'Nothing in this
law shall be construed to apply to private warehouses
or to the issue of receipts by their owners or managers
under existing laws, or to prohibit public warehousemen
from issuing such receipts as are now issued by private
warehousemen under existing laws. Such private warehouse
receipts issued by public warehousemen shall never be
written on a form or blank indicating that it is issued
from a public warehouse, but shall, on the contrary, bear
on its face, in large characters, the words, "not a pub-
lic warehouse receipt".'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Esco Walter - page 2

"In the case of Kimbell Milling Company vs.
Greene, 170 SW (2d) at page 191, the Supreme Court,
through Chief Justice James P. Alexander, held in
part as follows:

"'It is apparent, we think, that it was the in-
tention of the Legislature to merely prohibit the
issuance of a public warehouse receipt unless and
until the provisions of the statute have been complied
with, and that the statute was not intended to pro-
hibit the operation of a private warehouse such as
was operated by Boothe Mill and Elevator Company,
Inc. The contract, therefore, was not void.'

"The question I am interested in having answered
by your department is with reference to the question
of whether an operator of any kind of warehouse, pub-
lic or private, violates any criminal law of this State
if he neglects to give the bond referred to in Article
5569 of the Revised Civil Statutes."

In answer to your question we are herewith enclosing
a copy of Opinion No. O-1645, delivered by the Attorney General
of Texas on November 29, 1939, which holds, inter alia, as fol-
lows:

"* * *We advise that the statutory law pro-
vides no penalty either in the form of a fine or
imprisonment for failure to file the bond called
for in Articles 5661 and 5569, supra, on the part
of any person, firm, or corporation, engaged in
the business of a public warehouseman and of storing
property for hire. * * **"

A careful search of the statutes enacted since the
date of said next-above mentioned opinion has convinced us
that the hereinabove quoted holding on the question of viola-
tions of the criminal law by public warehousemen who fail to

Honorable Esco Walter - page 3

file said bonds is also correct at this time, whether in respect to a public or a private warehouseman.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore, Jr.,
                    Assistant

APPROVED AUG 1945

RLL:sd

ATTORNEY GENERAL OF TEXAS



APPROVED OPINION COMMITTEE
BY [signature]
CHAIRMAN